AO 245D     (Rev. 09/11) Judgment in a Criminal Case for Revocations
Sheet 1

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

# UNITED STATES DISTRICT COURT
### Eastern District of Arkansas

APR 16 2015

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

| UNITED STATES OF AMERICA | **Judgment in a Criminal Case** |
|---|---|
| v. | (For **Revocation** of Probation or Supervised Release) |
| JACOB LAYNE OSWALT | |

Case No. 4:13CR00057-02 BSM

USM No. 27567-009

Molly Sullivan
Defendant's Attorney

**THE DEFENDANT:**

☑ admitted guilt to violation of condition(s)    General, Standard, Special    of the term of supervision.

☐ was found in violation of condition(s) _____ after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 General | Failure to refrain from illegally possessing a controlled substance | |
| 2 Standard (7) | Failure to refrain from unlawful use of a controlled substance | 02/02/2015 |

The defendant is sentenced as provided in pages 2 through __7__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Last Four Digits of Defendant's Soc. Sec. No.: __7271__

Defendant's Year of Birth: __1989__

City and State of Defendant's Residence:
Little Rock, Arkansas

04/13/2015
Date of Imposition of Judgment

_(signature)_
Signature of Judge

BRIAN S. MILLER,    U. S. DISTRICT JUDGE
Name and Title of Judge

4-16-15
Date

AO 245D    (Rev. 09/11) Judgment in a Criminal Case for Revocations
           Sheet 1A

Judgment—Page  2  of  7

DEFENDANT: JACOB LAYNE OSWALT
CASE NUMBER: 4:13CR00057-02 BSM

## ADDITIONAL VIOLATIONS

| Violation Number | Nature of Violation | Violation Concluded |
|---|---|---|
| 3 Standard (11) | Failure to notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer | 12/03/2014 |
| 4 Standard (5) | Failure to work regularly at a lawful occupation | |
| 5 Special (4) | Failure to pay restitution owed | |
| 6 Special (2) | Failure to participate in mental health counseling | 04/03/2015 |
| 7 Special (1) | Failure to participate in a substance abuse treatment program | 04/06/2015 |
| 8 Standard (3) | Failure to answer truthfully all inquires by the probation officer | 04/06/2015 |

AO 245D    (Rev. 09/11) Judgment in a Criminal Case for Revocations
           Sheet 1A

Judgment—Page  2  of  7

AO 245D (Rev. 09/11) Judgment in a Criminal Case for Revocations
Sheet 2— Imprisonment

DEFENDANT: JACOB LAYNE OSWALT
CASE NUMBER: 4:13CR00057-02 BSM

Judgment — Page 3 of 7

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total total term of :

**FIVE (5) MONTHS**

☑ The court makes the following recommendations to the Bureau of Prisons:

Oswalt shall participate in nonresidential substance abuse treatment during incarceration. Oswalt shall serve his term of imprisonment at FCI Forrest City, Arkansas

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____.

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____.

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:





Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245D (Rev. 09/11) Judgment in a Criminal Case for Revocations
Sheet 3 — Supervised Release

Judgment—Page 4 of 7

DEFENDANT: JACOB LAYNE OSWALT
CASE NUMBER: 4:13CR00057-02 BSM

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :
TWO (2) YEARS

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if
- ☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is be a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245D     (Rev. 09/11) Judgment in a Criminal Case for Revocations
            Sheet 3C — Supervised Release

Judgment—Page  5  of  7

DEFENDANT:  JACOB LAYNE OSWALT
CASE NUMBER:  4:13CR00057-02 BSM

## SPECIAL CONDITIONS OF SUPERVISION

1. All general and standard conditions previously imposed remain in full force and effect.

2. Upon release from the Bureau of Prison, Oswalt will reside and participate in a residential re-entry center for a period of six-months and abide by all the rule and regulations of the facility.

3. Oswalt shall participate, under the guidance and direction of the probation officer, in a substance abuse treatment program which may include drug and alcohol testing, outpatient counseling, and/or residential treatment. Oswalt will pay for the cost of treatment at the rate of $10 per session, with the total cost not to exceed $40 per month. In the event Oswalt is unable to pay for the cost of treatment, the co-pay requirement will be waived. Further, Oswalt shall abstain from the use of alcohol throughout the course of supervised release.

4. Oswalt shall participate in mental health counseling under the guidance and supervision of the U.S. Probation Office. Oswalt will pay for the cost of treatment at the rate of $10 per session, with the total cost not to exceed $40 per month. In the event Oswalt is unable to pay for the cost of treatment, the co-pay requirement will be waived.

5. Oswalt shall disclose financial information upon request of the U.S. Probation Office, including, but not limited to, loans, lines of credit, and tax returns. This also includes records of any businesses with which Oswalt is associated. No new lines of credit shall be established without prior approval of the U.S. Probation Office.

6. Restitution of $5,956.46 is mandatory and is a payable during incarceration and supervised release. During incarceration, Oswalt will pay 50 percent per month of all funds that are available to him. During community confinement placement, payments will be reduced to 10 percent of Oswalt's gross monthly imcome. Beginning the first month of supervised release, payments will be 10 percent per month of Oswalt'smonthly gross income. The interest is waived pursuant to 18 USC § 3612.

DEFENDANT: JACOB LAYNE OSWALT
CASE NUMBER: 4:13CR00057-02 BSM

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments set forth on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ | $ | $ 5,956.46 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☑ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| **TOTALS** | $ 0.00 | $ 0.00 |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution or a fine more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☑ the interest requirement is waived for the  ☐ fine  ☑ restitution.

☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245D   (Rev. 09/11) Judgment in a Criminal Case for Revocations
         Sheet 6 — Schedule of Payments

Judgment — Page __7__ of __7__

DEFENDANT: JACOB LAYNE OSWALT
CASE NUMBER: 4:13CR00057-02 BSM

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A**  ☐  Lump sum payment of $ _____ due immediately, balance due

   ☐ not later than _____ , or
   ☑ in accordance with   ☐ C,   ☐ D,   ☐ E, or   ☑ F below); or

**B**  ☐  Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay.

**F**  ☑  Special instructions regarding the payment of criminal monetary penalties:

During incarceration, Oswalt will pay 50 percent per month of all funds that are available to him. During community confinement placement, payments will be reduced to 10 percent of Oswalt's gross monthly imcome. Beginning the first month of supervised release, payments will be 10 percent per month of Oswalt'smonthly gross income. The interest is waived pursuant to 18 USC § 3612.

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

   Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.